WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

```
         FILED         LODGED
         RECEIVED      COPY

         JUL 17 2023

         CLERK U S DISTRICT COURT
         DISTRICT OF ARIZONA
         BY              DEPUTY
```

CASE NO. 23-04069-MJ-01-PCT-CDB

**UNITED STATES OF AMERICA v. ERIC ROGER HANSON**

**CITATION NUMBER(S):** 9688456 (A108)

**VIOLATION(S) PLEADING GUILTY TO:**
**Citation 9688456:** Camping Outside of a Designated Area, in violation of 36 C.F.R. § 2.10(b)(10), a Class B misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six (6) Months
MAXIMUM PROBATION (18 U.S.C. § 3561): Five (5) Years, Supervised Release not Available
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00

**RULE 11 (c)(1)(C), F.R. Crim. P., STIPULATED SENTENCE:**
**Citation 9688456:** The defendant shall be sentenced to a fine within the discretion of the court.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees that it will: (1) not file any additional charges pertaining to the facts set forth in the probable cause statements for the above-referenced citations; and (2) not refer the matters to the state or local authorities for prosecution.

**ELEMENTS OF OFFENSE(S):** On or about February 19, 2023, within Grand Canyon National Park, in the District of Arizona:

> **CAMPING OUTSIDE OF A DESIGNATED SITE OR AREA:** Camping outside of a designated site or area is prohibited, in violation of 36 C.F.R. § 2.10(b)(10), a Class B misdemeanor.

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about February 19, 2023, within Grand Canyon National Park, in the District of Arizona, I was contacted by rangers at approximately 1630 hours at Bright Angel Point.
>
> I admit I was contacted because tents belonging to my group were observed to be set up at the North Kaibab Trail Head, an area which is not a designated area to camp per my backcountry or special use permit. I admit I stated to rangers at that time, that I would move to the appropriate location- the backpackers' site. I admit at 1800 hours I was again contacted by a ranger who reminded me to move to the designated site as previously discussed.
>
> I further admit on February 20, 2023, at approximately 1200 hours, I was contacted by a ranger at the Manzanita Ranger Station. I admit I stated to the ranger that my group had moved to the designated backpackers' site. I admit my group had not moved, as stated to the ranger, and that tents from my group were observed, at approximately 1330 hours, by another ranger in front of the Sinclair Gas Station on Campground road.
>
> I admit I camped outside of a designated camping area or site and hereby plead guilty to the above referenced charge.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has

knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Eric Roger Hanson,** understand that the above sentencing provision is binding upon the Court if the court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that, to the extent applicable, any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

////////////////////////

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____   7-17-23
Eric Roger Hanson                                Date
Defendant

_____   7/17/23
Counsel for Defendant                            Date

_____   7-17-23
Dondi Osborne                                    Date
Assistant United States Attorney

_____   7/17/23
Camille D. Bibles                                Date
United States Magistrate Judge

__✓__  ACCEPTED      _____ REJECTED